**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**FRANKY HARRIS,**

                **Plaintiff,**

-against-                                                                                       7:05-CV-1386

**TERRY E. PARHAM, SR., STEVIE WARD,**
**YAHIR COTAMACIAS, and MICHAEL**
**SABATINO,**

                **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I. INTRODUCTION**

    Plaintiff commenced this action asserting a state common law claim of assault and battery against Defendants based upon events occurring on July 18, 2005 on St. Lawrence Avenue and Fourth Street, Fort Drum, New York. Defendants move to dismiss the action for lack of subject matter jurisdiction. Plaintiff has failed to respond to Defendants' motion and her time to submit opposition has expired.

**II. STANDARD OF REVIEW**

    On a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), a court must assume as true the factual allegations in the complaint.

1

Shipping Financial Services Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998). Nonetheless, the court may look to and consider matters outside the pleadings in deciding such a motion. Filetech S.A. v. France Telecom, S.A., 157 F.3d 922, 932 (2d Cir. 1998); John Street Leasehold, LLC v. Capital Mgt. Res., L.P., 2001 WL 310629, at *2 (S.D.N.Y. March 29, 2001). Plaintiff bears the burden of proving the court's jurisdiction by a preponderance of the evidence. See Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996); Lopresti v. Merson, 2001 WL 1132051, at *5 (S.D.N.Y. Sept. 21, 2001).

## III. BACKGROUND

The Government contends that, at the time of the events in issue in this case, Plaintiff was serving as member of the United States armed services at Fort Drum, New York, a United States military installation. Counsel for the United States filed with the Clerk of the Court certifications for Terry E. Parham, Yahir Cotamacias, Michael Sabatino, and Stevie Ward, certifying that at all times with respect to the incidents referred to in the Complaint, the individual defendants were acting within the scope of their duties as members of the United States Department of the Army. The Government further contends that Plaintiff has not filed an administrative claim as mandated by the Federal Tort Claims Act ("FTCA").

## IV. DISCUSSION

The failure to oppose a motion seeking to dismiss a claim is deemed abandonment of the claim, see Rizzo-Puccio v. College Auxiliary Services, Inc., 216 F.3d 1073 (2d Cir.

2000)(claims not addressed in opposition to defendants' motion for summary judgment were deemed abandoned), and, in the Northern District of New York, is deemed consent to granting the motion. See Bundy Am. Corp. v. K-Z Rental Leasing, Inc., 2001 WL 237218, at *1 (N.D.N.Y. Mar. 9, 2001)(Hurd, J.); Beers v. General Motors Corp., 1999 WL 325378, at *8 (N.D.N.Y. May 17, 1999) (McCurn, S.J.).   Plaintiff's failure to oppose the instant motion is deemed implicit consent to granting the motion.[1]

Further, Plaintiff's action is subject to dismissal for various other reasons. Assuming that Plaintiff was, at the time of the events in issue, serving as a member of the United States armed services, the action is barred by the Feres Doctrine. See Feres v. United States, 340 U.S. 135, 146 (1950)("The government is not liable under the Federal Tort Claims Act for injuries which arise out of or are in the course of activity incident to service."); Kohn v. United States, 680 F.2d 922, 925 (2d Cir. 1982)(injury to service member on base or off base but while engaged in a military duty is incident to service).

Regardless of Plaintiff's status at the time of the incident in question, the Court lacks subject matter jurisdiction over the suit because, in the circumstances alleged, the United States Government has not waived its sovereign immunity. See 28 U.S.C. § 2680(h)(excluding from the FTCA waiver of sovereign immunity suits "arising out of assault, battery, and false imprisonment"); Mortise v. United States, 910 F. Supp. 74, 76-

---

[1] Plaintiff's counsel would be well advised to consult the Local Rules.  These provide, *inter alia*, that the Court may impose sanctions on a party or an attorney who does not intend to oppose a motion but who does not notify the Court and the other parties of such intention fourteen days prior to the scheduled return date of the motion. See N.Y.N.D.L.R. 7.1(b)(3).  The scheduled return date of the instant motion is May 25, 2007.

77 (N.D.N.Y. 1995)(Hurd, M.J.),[2] aff'd 102 F.3d 693, 696 (2d Cir. 1996).[3]

Finally, assuming arguendo that the claim is not barred for either of the two reasons discussed above, the Court lacks subject matter jurisdiction because Plaintiff has failed to establish that she filed an administrative claim with the appropriate federal agency prior to bringing suit. Filing an administrative claim is a jurisdictional prerequisite to maintaining a civil action against the United States for damages arising from actionable conduct by a federal employee. 28 U.S.C. § 2675(a); Millares Guyraldes De Tineo v. United States, 137 F.3d 715, 719-720 (2d Cir. 1998).

---

[2] In Mortise, Judge Hurd wrote:

Section 2680(h) of the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.,* creates an exception to the waiver of sovereign immunity that had been executed by the Act, for any causes of action that arise out of an assault or battery, among other torts.

The proviso at the end of this section leaves the waiver applicable to any assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution committed by an investigative or law enforcement officer. 28 U.S.C. § 2680(h). However, the proviso will not protect plaintiffs in this instance, since no argument has been given that the National Guard members fall within the definition of "investigative or law enforcement officer."

910 F. Supp. at 76-77. There is no allegation in the Complaint that Defendants were acting as investigative or law enforcement officers.

[3] In affirming Judge Hurd, the Second Circuit wrote in Mortise:

Under the Federal Tort Claims Act ("FTCA"), the government has waived its sovereign immunity for a number of torts. 28 U.S.C. § 2671 *et seq.* Section 2680 of the FTCA, however, expressly refuses to waive sovereign immunity for any claims arising out of assault or battery. 28 U.S.C. § 2680(h). In short, any claim the Mortises have against the government for assault is barred for lack of jurisdiction.

102 F.3d at 696.

**V. CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss the action for lack of subject matter jurisdiction is **GRANTED** and the action is **DISMISSED**.

**IT IS SO ORDERED**.

DATED:  May 17, 2007

Thomas J. McAvoy
Senior, U.S. District Judge